IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAUN JERMAINE ESTES     PETITIONER

v.     Civil No. 2:19-cv-02019-PKH-MEF

THE STATE OF ARKANSAS     RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (ECF No. 1). The State of Arkansas has not been directed to file a response and none is necessary. The matter is ready for Report and Recommendation.

### I. BACKGROUND

Petitioner, Shaun Jermaine Estes ("Estes"), filed his *pro se* Petition on February 1, 2019. (ECF No. 1). The Petition concerns his state criminal case, *State v. Estes*, Case No. 66CR-2018-1051A. (*Id*. at 1-2). Estes raises several challenges to the constitutionality of that case, including: a lack of probable cause; violation of his Fifth Amendment rights; violation of his Fourth Amendment rights; and, his allegation that "these courts are being tyrants." (*Id*. at 6-8). Estes requests that the state criminal case against him be dismissed, and he seeks compensatory damages. (*Id*. at 8).

### II. LEGAL STANDARD

Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the

petitioner must not only be in custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

### III. ANALYSIS

To the extent Estes's Petition raises issues that may be resolved by trial or other state process, his claims are barred by the *Younger* abstention doctrine. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F.App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

At the time Estes's Petition was filed on February 1, 2019, there was an ongoing state judicial proceeding pending, which implicated the important state interest of enforcing state criminal law, and that proceeding afforded Estes an adequate opportunity to raise the constitutional questions he

presents. His allegations all center on his pending state criminal case. Pursuant to *Younger*, this Court would be required to abstain from hearing the matter, leaving Estes to pursue his constitutional claims in his state criminal case. However, four days after the filing of Estes's Petition in this action, his state criminal case proceeded to jury trial on February 5, 2019, and Estes was acquitted.[1]

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." *Bomasuto v. Perlman*, 680 F.Supp.2d 449, 456 (W.D.N.Y. 2010) (internal citations omitted). "Thus, where the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot." *Id*. (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). A party must, at all stages of the litigation, have an actual injury, which is likely to be redressed by a favorable judicial decision. *Id*. (internal citations omitted). "[I]f an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] … must dismiss the case." *Id*. (internal citation omitted).

Here, the criminal proceeding challenged in Estes' Petition was resolved in his favor by jury trial in state court. The issues presented in this Court are no longer "live," and this action should be dismissed as moot.

## IV. CONCLUSION

Accordingly, it is recommended that Estes's Petition (ECF No. 1) be DISMISSED WITH PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[1] Case information confirmed at Arkansas Court Connect, https://caseinfo.arcourts.gov (last accessed May 2, 2019).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May 2019.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE